# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLITA SMITH, Trustee,<br><br>         Plaintiff,<br>vs.<br>LORI L. WILEY,<br><br>         Defendant. | CASE NO. 13cv249 WQH NLS<br><br>ORDER |

HAYES, Judge:

  The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis ("Motion to Proceed IFP") filed by Defendant Lori L. Wiley (ECF No. 2) and the Ex Parte Application for an Order Shortening Time on Motion to Remand and/or Request Sua Sponte Remand ("Ex Parte Motion to Shorten Time") filed by Plaintiff Perlita Smith. (ECF No. 3).

## BACKGROUND

  On November 28, 2012, Plaintiff initiated this action by filing a Complaint for unlawful detainer in San Diego Superior Court. (ECF No. 1-1).

  On January 31, 2013, Defendant, proceeding pro se, filed the Notice of Removal (ECF No. 1) and Motion to Proceed IFP (ECF No. 2) in this Court.

  On February 11, 2013, Plaintiff filed the Ex Parte Motion to Shorten Time. (ECF No. 3). Plaintiff requests that the Court issue "an order shortening time, in accordance to Civil Rule 7.1(e)(5) of the Local Rules, on Plaintiff's Motion remanding the above-entitled action

back to Superior Court of California...." *Id.* at 1.[1]

## MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In her accompanying affidavit, Defendant states that she is not currently employed. (ECF No. 2 at 2). Defendant states that she was last employed in July 2010 at California Marketing Group in San Diego, where she earned a monthly salary of $1,872.00. *Id.* Defendant states that she has a checking account with a balance of $15.00. *Id.* Defendant states that she does not own an automobile or any significant assets such as real estate, stocks, bonds, or securities. *Id.* at 2-3. Defendant states that she owes $9,000.00 to "Perlita Smith," $350.00 to "Cindy LaDuke," and $320.00 to "SDGE." *Id.* at 3.

The Court has reviewed Defendant's affidavit and finds that it is sufficient to show that Defendant is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## INITIAL SCREENING OF COMPLAINT

After granting IFP status, the Court must dismiss the case sua sponte if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction").

Federal courts – unlike state courts – are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which

---

[1]The docket reflects that Plaintiff has not filed a motion to remand.

the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*.

The sole basis for federal jurisdiction stated in the Notice of Removal is that Defendant has a defense to the Complaint based upon Plaintiff's alleged failure to comply with 12 U.S.C. § 5220, a federal statute. "[T]he existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne*, 294 F.3d at 1183. The Notice of Removal does not adequately state a basis for federal subject-matter jurisdiction. *See Compass Bank v. Goble,* 12CV1885 WQH JMA, 2012 WL 3229155, *2 (S.D. Cal. Aug. 3, 2012) (sua sponte remanding action to state court where the sole basis for federal jurisdiction stated in the notice of removal was an allegation that the plaintiff failed to comply with 12 U.S.C. § 5220).

## CONCLUSION

IT IS HEREBY ORDERED that (1) the Motion to Proceed IFP (ECF No. 2) filed by Defendant is GRANTED; (2) this action is REMANDED for lack of subject-matter jurisdiction to San Diego Superior Court pursuant to 28 U.S.C. § 1447(c); and (3) the Ex Parte Motion to Shorten Time (ECF No. 3) filed by Plaintiff is DENIED as moot.

DATED: March 29, 2013

**WILLIAM Q. HAYES**
United States District Judge